IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gena Beatty, #304446, | ) | C/A No.: 1:13-3045-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Angela Rawski, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Gena Beatty is an inmate at the Leath Correctional Institution of the South Carolina Department of Corrections. She filed this petition for a writ of habeas corpus through counsel, Tara D. Shurling, Esq., pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return filed on April 4, 2014. [ECF Nos. 18, 19]. After obtaining three extensions, Petitioner filed a response on July 21, 2014. [ECF No. 26]. The motion having been fully briefed, it is ripe for disposition.

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Factual and Procedural Background

Petitioner was indicted by the Lexington County grand jury during the February 2003 term of court for felony DUI resulting in death (2003-GS-32-848) [ECF No. 19-2 at

1

64–65], multiple counts of felony DUI resulting in great bodily injury (2003-GS-32-849, 850, 851 [ECF No. 19-2 at 66–67], and 852), leaving the scene of an accident involving death (2003-GS-32-1940), and filing a false police report after a felony (2003-GS-32-1146).[1]

Petitioner was originally represented by Jack Swerling, Esq., who was relieved, and then by Cameron B. Littlejohn, Esq. On August 13, 2004, Petitioner pled guilty to all the charges before the Honorable Mark Hayes II, Circuit Court Judge. [ECF No. 19-1 at 3–35]. Judge Hayes sentenced Petitioner to concurrent terms totaling 25 years. [ECF No. 19-1 at 34–35]. Petitioner's counsel filed a timely motion for reconsideration on August 23, 2004. [ECF No. 19-1 at 37–39]. Judge Hayes heard the motion at a hearing on March 13, 2006, and affirmed the original sentence. [ECF No. 19-1 at 40–56]. Judge Hayes entered an order denying the motion for reconsideration on March 15, 2006. [ECF No. 19-1 at 57]. Petitioner did not appeal her guilty pleas or sentences.

On August 19, 2005, Petitioner filed an application for post-conviction relief ("PCR"), alleging ineffective assistance of counsel and abuse of discretion by the trial judge [ECF No. 19-1 at 58–66], as amended May 6, 2009, to include a claim of involuntary guilty plea, *id*. at 72–74. A PCR evidentiary hearing was held before the Honorable Roger M. Young, Sr., Circuit Court Judge, on May 19, 2009, at which Petitioner and her counsel, Tricia Blanchette, Esq., appeared. [ECF No. 19-1 at 75–147].

---

[1] The remaining indictments do not appear in the record.

On September 14, 2009, Judge Young filed an order of dismissal and judgment. [ECF No. 19-1 at 148–162].

On September 25, 2009, Petitioner's PCR counsel filed a Rule 59 motion to alter or amend [ECF No. 19-1 at 163–167], which was denied by order dated October 26, 2009 [*id.* at 168].

Petitioner filed a notice of appeal from the denial of PCR and was initially represented by Deputy Chief Appellate Defender Wanda H. Carter, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On or about May 5, 2010, Ms. Carter filed a *Johnson* petition[2] for writ of certiorari [ECF No. 19-3] in the South Carolina Supreme Court raising the following issue: "Trial counsel erred in failing to fully investigate into and develop a mental illness defense in the case because but for counsel's omission, petitioner would have opted to be tried by jury instead of pleading guilty as charged." *Id.* at 3. Ms. Carter noted that the appeal was without merit and petitioned to be relieved as counsel. *Id.* at 9.

On September 24, 2010, Petitioner filed a motion to substitute Ms. Blanchette as her collateral appellate counsel and to substitute her petition for writ of certiorari, which

---

[2] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

3

the court granted on October 8, 2010. [ECF No. 19-4]. In her merits brief filed on January 5, 2011, Petitioner raised the following issue to the South Carolina Supreme Court: "The Lower Court Erred in Finding that Plea Counsel's Performance Was Not Ineffective and Prejudicial to the Petitioner Thus Rendering Her Plea Involuntary When There Was No Evidence of Probative Value to Support Such a Finding." [ECF No. 19-5 at 3]. The appeal was transferred to the Court of Appeals, which denied the petition on July 20, 2012. [ECF No. 19-7]. On September 21, 2012, the court denied Petitioner's Petition for Rehearing and Petition for Rehearing En Banc. [ECF Nos. 19-8, 19-9, 19-10]. The remittitur was issued on November 8, 2012. [ECF No. 19-11].

Petitioner filed this federal petition for a writ of habeas corpus on November 7, 2013, through counsel. [ECF No. 1].

II.    Discussion

A.    Federal Habeas Issues

Petitioner states the following grounds in her habeas petition:

**Ground One:**    Plea counsel failed to provide the Petitioner effective assistance of counsel prior to and during her guilty pleas, in violation of her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, in that he failed to prepare and investigate her case and specifically neglected to review the discovery material in Petitioner's case with her and failed to discuss possible uses of some of the information contained therein to formulate potential defenses to her charges.

**Ground Two:**    Plea counsel failed to provide the Petitioner effective assistance of counsel prior to and during her guilty pleas, in violation of her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, in that he failed to address and/or properly

investigate the Petitioner's medical and mental health history. Counsel's failure to adequately investigate the Petitioner's medical history resulted in pleas which were not knowingly and voluntarily entered in that she pleaded guilty in reliance upon plea counsel to be prepared to effectively represent her in presenting evidence in mitigation of the sentences to be imposed.

**Ground Three:**    Plea counsel failed to provide the Petitioner effective assistance of counsel prior to and during her guilty pleas, in violation of her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, in that he misinformed the Petitioner regarding the plea negotiations in her case and the potential sentences she could expect to receive as a consequence of her pleas and thereby made it impossible for her to make a voluntary and intelligent decision to enter pleas of guilty on her charges.

**Ground Four:**    Plea counsel failed to provide the Petitioner effective assistance of counsel prior to and during her guilty pleas, in violation of her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, in that he failed to adequately prepare for either the Petitioner's original plea proceeding or her subsequent hearing on a post-plea Motion to Reconsider Sentencing specifically failing to present readily available evidence in mitigation which would have potentially have been of significant benefit to the Petitioner on the issue of sentencing. Her pleas of guilty were not knowingly and voluntarily entered in that they were the product of ineffective assistance of counsel.

[ECF No. 1-1].

B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will

5

not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255.

C.    Analysis

1.    AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed her petition after the effective date of the AEDPA, review of her claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)    **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

6

of the United States is removed, if the applicant was
prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of
due diligence.

(2)    **The time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added).  Subsection (d)(1)(A) provides that the one-year

statute of limitations begins to run on the date the petitioner's conviction becomes final,

not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th

Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of

her conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal,

her conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*,

257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and her conviction

is affirmed, the conviction becomes final 90 days after the final ruling of the South

Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final

on the expiration of the 90-day period to seek review by the United States Supreme Court

from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing

procedure for district court's sua sponte timeliness analysis, noting limitations period

begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[3]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

---

[3] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 644 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of

establishing that her petition is timely or that she is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2. Petitioner Did Not Timely File Her Federal Petition

The undersigned finds Petitioner did not timely file her petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final "when [her] time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[4]

Petitioner pled guilty and was sentenced on August 13, 2004. [ECF No. 19-1 at 34–35]. Petitioner filed a timely motion to reconsider, which was denied by order on

---

[4] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

March 15, 2006. [ECF No. 19-1 at 57]. Petitioner's sentence became final ten days later, on March 25, 2006.

Petitioner's filing of her PCR application on August 19, 2005, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations remained tolled until the Court of Appeals denied her petition for rehearing and rehearing en banc on September 21, 2012. The statute of limitations resumed on September 22, 2012, and expired (the first business day) 365 days later, on September 22, 2013. Petitioner did not file her habeas action until November 7, 2013—46 days after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

The undersigned finds that the date of the Court of Appeal's decision, and not the remittitur date, is appropriate. *See* Rule 242(c), SCACR ("A decision of the Court of Appeals is not final for purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals"); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) (explaining a state post-conviction action was no longer pending for purposes of § 2244(d)(2) once "the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition"); *Ham v. Padula,* 2007 WL 2119862 *7 (petitioner's state court convictions became final when the state court of appeals dismissed the appeal at petitioner's request (and sent the remittitur)); *see Gonzalez v. Thaler,* 565 U.S. ——, —— – ——, 132 S.Ct. 641, 653–54 (2012) ("We now make clear ... [that] [t]he text of § 2244(d)(1)(A), which marks finality as of 'the conclusion of direct review or the expiration of the time for seeking such

review,' consists of two prongs. . . . For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired").

Petitioner is barred from federal habeas review unless she has demonstrated that she diligently has been pursuing her rights and that extraordinary circumstances prevented her timely filing, which could equitably toll the statute of limitations.

3.     Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

12

a.    Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated she was reasonably diligent in pursuing her rights below. Petitioner's tardiness in filing this petition in no manner suggests that she diligently pursued her rights.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner). If Petitioner had advanced her claims within a reasonable time of their availability, she would not now be facing any time problem. *See Pace* at 419. Petitioner sat on her rights for over a year after her PCR proceedings became final before deciding to seek relief in federal court. *See id.* "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Id.,* citing *McQuiddy v. Ware,* 20 Wall. 14, 19, 22 L.Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights").

13

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

    b.  Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because she has not set forth facts that could demonstrate an "extraordinary circumstance" kept her from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle her to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support her argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted.

Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is normally precluded from addressing the merits of her claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its

14

merits). However, in the event the district judge finds that petition is timely,[5] the undersigned provides a merits review.

III.    Merits Review

    A.    Ground One

In Ground One, Petitioner argues that plea counsel failed to provide her effective assistance of counsel by failing to review discovery material that allegedly demonstrated that the deceased was a contributor to the accident and a toxicology report that showed he had a .028 blood alcohol level.  Petitioner states these reports also indicated that the deceased had been driving under suspension at the time of the accident and had a history of alcohol and substance abuse violations. Petitioner argues that plea counsel did not discuss this information with her and thereby deprived her of the opportunity to consider what impact this information may have had on her defense if she had proceeded to trial. Petitioner also argues that plea counsel did not present this evidence to the sentencing judge as part of the plea in mitigation. Petitioner claims that but for plea counsel's failure to review this discovery with her, she would not have pled guilty.

Substantial deference is to be given to the state court's findings of fact. *Evans v. Smith*, 220 F.3d 306, 311–12 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence); *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000) (*en banc*).  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of

_____

[5] If the court uses the remittitur date, this action would be timely by one day.

a state court, a determination of a factual issue made by a state court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Fisher v. Lee*, 215 F.3d 438, 446 (4th Cir. 2000); *Frye v. Lee*, 235 F.3d 897, 900 (4th Cir. 2000).

Although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), when the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. *Strickland v. Washington*, 466 U.S. 668, 698 (1984); *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993) (citing *Clozza v. Murray*, 913 F.2d 1092, 1100 (4th Cir. 1990)). Nevertheless, because Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000). *See Evans*, 220 F.3d at 312 (finding that under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."). Therefore, the court is mindful of the deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

16

When allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 694. In *Strickland*, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, Petitioner must show that counsel's deficient performance prejudiced the defense such that Petitioner was deprived of a fair trial. To show prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Mazzell*, 88 F.3d at 269.

Petitioner has failed to meet her burden of showing that her counsel was ineffective under this standard. *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975) (finding petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus). Plea counsel testified that he met with Petitioner prior to the plea hearing and discussed with her the discovery, including highway patrol incident reports, forensic reports, lab results, and lay witness statements. [ECF No. 19-1 at 119–120].

Plea counsel testified that he reviewed with Petitioner the discovery in his possession, such as the toxicology reports, and further investigated the effects of the medications Petitioner had been prescribed. *Id.* at 130–131. Counsel testified that as a

17

result of his review of the evidence and his discussions with Petitioner, he believed the State had a very strong case against Petitioner, and advised Petitioner accordingly. *Id*. at 122. While counsel could not specifically recall reviewing the victim's toxicology report with Petitioner because it had been five years since the plea, he testified several times that he reviewed with Petitioner all of the discovery, which included the toxicology and lab reports. *Id*. at 130.

The PCR court found Petitioner's testimony that plea counsel did not review the discovery materials with her, including the toxicology reports and accident information, not credible. *Id*. at 156. Plea counsel's testimony was found credible by the PCR court which heard and saw plea counsel's testimony. *Id.* The PCR court found that Petitioner failed to show that plea counsel's representation fell below an objectively reasonable standard under *Strickland*. *Id.*

Petitioner also fails to show she was prejudiced by plea counsel's representation. Even if plea counsel failed to review the victim's toxicology report with her, such report does not exonerate Petitioner from the crime. A person is guilty of felony DUI if that person, while under the influence of alcohol or drugs, drives a vehicle, and when driving does any act forbidden by the law or neglects a duty imposed by law in the driving of a vehicle, which act or neglect proximately causes great bodily injury or death to any person other than herself. S.C. Code Ann. § 56-5-2945 (Supp. 2000). It is undisputed that Petitioner was driving under the influence of drugs at the time at the time of the accident and that she crossed the center-line and struck the vehicle of the deceased, who was

lawfully in his lane of traffic. As a result of the collision caused by Petitioner, the deceased's vehicle spun out of control and into Petitioner's lane of traffic, where it was T-boned by another vehicle. Petitioner was the proximate cause of the accident and the toxicology report of the victim did not provide her a defense.

The undersigned's review of the record shows that Petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding that Petitioner had not met her burden under *Strickland* to show that plea counsel was ineffective for the reasons alleged in Ground One. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination of this issue given the evidence and record before it. *Evans,* 220 F.3d at 312 (holding that federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams,* 529 U.S. at 398; *Bell v. Jarvis,* 236 F.3d 149, 157–158 (4th Cir. 2009); 28 U.S.C. § 2254(e)(1) (holding that determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence).

B.    Ground Two

In Ground Two, Petitioner argues that plea counsel failed to provide her effective assistance of counsel by failing to obtain her mental health records, from before and after

19

her arrest, and discuss them with her.[6] She argues that plea counsel was ineffective for failing to clarify the number of her medical prescriptions when the state informed the court that she was on ten different prescriptions.

Petitioner testified at her PCR hearing that she lost her sister on February 28, 2002, that her marriage was "unraveling," and she was suffering from anxiety/panic attacks. [ECF No. 19-1 at 83]. As a result, she went to see Dr. Venable in Augusta and was prescribed Ativan and Prozac. *Id.* On June 11, 2002, two days prior to the incident, she recalled that she was admitted to St. Joseph's Hospital in Atlanta for vertigo and an injured neck from a fall. *Id.* Petitioner further explained that she returned to see Dr. Venable on June 13, 2002, which was the day of the accident. *Id.*

Petitioner identified, and PCR counsel introduced, a copy of her medical records from mental health treatment at the following facilities: East Central Regional Hospital from September 21–23, 2003, Medical College of Georgia form September 27–30, 2003, Aiken Regional Aurora Pavilion from October 6–20, 2003, from October 24–31, 2003, and from November 4–7, 2003. *Id*. at 98–100.

Plea counsel testified that he was not aware Petitioner had been admitted to the hospital in Atlanta in the days prior to the accident. *Id*. at 127–28. He stated that he was aware she had been to Dr. Venable on the day of the accident, but that he investigated the matter and did not discover any problems that could be used to Petitioner's advantage at

---

[6] To the extent Petitioner claims her mental health history should have been discussed in greater detail at her plea hearing for mitigation purposes, the undersigned discusses such allegations infra in III. D.

trial. *Id*. at 128–29. Counsel also testified that he discussed the DUI statutes with Petitioner. *Id*. at 133–34. Counsel stated that Petitioner did not provide him with information regarding any physical or mental issues, or any other potential defenses to investigate. *Id*. at 120–21.

Plea counsel further testified that Petitioner seemed coherent for the duration of his representation of her, that he experienced no problems communicating with her, and that he never had concerns regarding her competency. *Id*. at 123. He also stated that Petitioner was very bright and never informed him of any competency related issues or requested a mental evaluation. *Id*. Counsel testified that he was aware Petitioner was depressed because of her criminal charges, which was not unusual in criminal cases, but that it was not a defense to the crime or otherwise render her incompetent to plead guilty. *Id*. at 123–124, 131–32.

The PCR court found that Petitioner failed to meet her burden of showing that counsel's representation fell below an objectively-reasonable standard under *Strickland*. The PCR court also found that Petitioner failed to prove she was prejudiced by counsel's representation under *Strickland* based upon her mental health. While Petitioner provided evidence of her depression and prescription medications prior to the accident, neither depression nor voluntary intoxication are defenses to felony DUI. With regard to her argument that she should have received a mental evaluation to determine her competence to plead guilty, Petitioner provided no evidence regarding her competence, other than her own testimony. *Id*. at 156; *see also*, *Dempsey v. State*, 610 S.E.2d 812 (S.C. 2005)

(stating that prejudice is purely speculative in a claim that counsel was ineffective for failing to present a witness at trial where the applicant fails to present the testimony of a witness at the PCR hearing).

The undersigned's review of the record shows that Petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding that Petitioner had not met her burden under *Strickland* to show that plea counsel was ineffective for the reasons alleged in Ground Two. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination of this issue given the evidence and record before it. *See supra*, *Evans v. Smith*; *Williams v. Taylor*; *Bell v. Jarvis*; 28 U.S.C. § 2254(e)(1). Having failed to meet her burden under *Strickland*, Petitioner's claim of ineffective assistance of counsel in Ground Two should be dismissed.

C.    Ground Three

In Ground Three, Petitioner argues that plea counsel failed to provide her effective assistance of counsel by misinforming her of the potential sentences she would receive. Petitioner testified that plea counsel informed her aunt that he thought the state "would go along with ten years." [ECF No. 19-1 at 103]. Although Petitioner admitted that it was an open plea, she testified that plea counsel "made it sound like there was no way I would get 25 or 20 years, it would be less than that because I told him if that was the case, I would just wait it out in county." [*Id*. at 104]. Petitioner also testified that she did not know that the only plea negotiation was that the sentences would run concurrent. *Id.*

Plea counsel testified that he recommended that Petitioner plead guilty because sentences are generally more severe if defendants do not accept responsibility, and he believed that Petitioner would be convicted. [*Id*. at 135]. Plea counsel testified that he told Petitioner that the state was not offering a great deal, but he believed she was likely to get a greater sentence if she went to trial. *Id*. The PCR court found Petitioner's testimony not to be credible and found plea counsel's testimony credible and supported by the record. [*Id*. at 157–58]. The PCR court also noted that the judge instructed Petitioner of the possible punishments she faced before she pled guilty.

Petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination of this issue given the evidence and record before it. Having failed to meet her burden under *Strickland*, Petitioner's claim of ineffective assistance of counsel in Ground Three should be dismissed. *See supra*, *Evans v. Smith*; *Williams v. Taylor*; *Bell v. Jarvis*; 28 U.S.C. § 2254(e)(1). Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue.

Having failed to show ineffective assistance of counsel, Petitioner cannot show an involuntary plea attributable to ineffective assistance. Further, the record supports the PCR court's ruling that Petitioner entered a knowing and intelligent plea, with the assistance of counsel. The United States Supreme Court has held that "while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal

23

Constitution is a question of federal law, and not a question of fact subject to the

requirements of 28 U.S.C. § 2254(d), the historical facts underlying such pleas are

entitled to deference under the statute." *Sargent v. Waters,* 71 F.3d 158, 160 (1995)

(quoting *Marshall,* 459 U.S. at 431–432).

The transcripts of Petitioner's guilty plea colloquy follows:

| | |
|---|---|
| Court: | Ma'am, were you able to hear this solicitor when he gave me the facts behind the indictments? |
| Petitioner: | Yes, sir. |
| Court: | And do you believe that as he stated the facts that he is substantially correct? |
| Petitioner: | Um, yeah, he is. |

. . . .

| | |
|---|---|
| Court: | All right. And, ma'am, do you understand leaving the scene of an accident, that carries — |
| Solicitor: | One to 25, as I understand it. Your Honor. |
| Court: | And on the filing of a false police report? |
| Solicitor: | Up to 5. |
| Court: | And on the felony DUI death? |
| Solicitor: | Death, 1 to 25, Your Honor. |
| Court: | And the felony DUI great bodily injury? |
| Solicitor: | Each of those would carry 30 days to 15. |
| Court: | Ma'am, were you able to hear the solicitor when he announced the possible range of sentencing that these charges carry? |
| Petitioner: | Yes, sir. |
| Court: | And with that understanding you still want to go ahead and enter these pleas? |
| Petitioner: | Yes, sir. |
| Court: | You understand that the felony DUI death, that is considered a serious offense? |
| Petitioner: | Yes, sir. |
| Court: | And with that understanding, that it is classified as serious offense, you still want to go ahead and enter the plea? |
| Petitioner: | Yes, sir. |
| Court: | And did the victims say they do want to address the Court? |
| Solicitor: | Yes, they would, Your Honor. Could I request that the Court also question Ms. Beatty about the ramifications sentencing-wise as it regards B class |

|  |  |
|---|---|
|  | felonies, which would be the felony DUI death and the leaving the scene of an accident death being 85 percent offenses. |
| Court: | All right, ma'am. Were you able to hear the solicitor when he requested the Court to inform you as to the sentencing ramification of those charges as well? |
| Petitioner: | Yes, sir. |
| Court: | And you understand what he's talking about when he says that they are considered 85 percent? |
| Petitioner: | Yes, sir. |
| Court: | That you would have to serve at least 85 percent of whatever sentence is given before you become parole eligibility? |
| Court: | Yes, sir. |

. . .

|  |  |
|---|---|
| Solicitor: | . . . . And as a result of our discussions, Your Honor, the State is making a recommendation of concurrent sentences in this case. I'm basing that recommendation because I believe that is the practical exposure of Ms. Beatty in terms of a guilty plea for court on these charges. |
|  | Having said that, Your Honor, the facts of this case, the harm that she's caused, characteristics of Ms. Beatty, the lying to the police, the lying about the police, the prior history of lying to the police, ten types of drugs in her system, she was warned to go back to the scene and chose not to, even after concerned teenagers asked her to, we feel like we have given her some break. |
|  | But we would urge the Court to impose as stiff a sentence as the Court can impose given these facts. We think she's gotten all the break that she deserves, and we would make that recommendation to the Court. |
| Court: | All right, sir. Ma'am, you were able the hear the solicitor, when he informed the Court as to the recommendation of the [sentences] being concurrent? |
| Petitioner: | Yes, sir. |
| Court: | And do you understand that this Court is not bound by that recommendation? |
| Petitioner: | Yes, sir. |
| Court: | And with that understanding, as well as the nature of the charges and the possible sentencing that this Court could impose under each one of the charges, do you still want to go ahead and enter a plea? |
| Petitioner: | Yes, sir. |
| Court: | Within the last 24 hours have you consumed any type of substance, drugs, alcohol, medications, anything at all that is adversely affecting your ability to understand what we're doing here today? |
| Petitioner: | No, sir. |

Court:        Are you satisfied with the work of your lawyer?

Petitioner:   Yes, sir.

Court:        Do you feel like he's done everything that he needs to do to represent you?

Petitioner:   Yes, sir.

Court:        Have you ever been treated for any type of drug or alcohol abuse?

Petitioner:   No. No, sir.

Court:        Has anybody threatened you or promised you anything in order to get you to enter this plea?

Petitioner:   No, sir.

Court:        You do so freely and voluntarily?

Petitioner:   Yes, sir.

Court:        You understand that you are presumed innocent of all of these charges and the law affords you to have a jury trial on any or all of these charges; do you understand that?

Petitioner:   Yes, sir.

Court:        And you understand that at any trial that would take place it would be the State that has the responsibility and the burden of establishing your guilt and the State would have to convince all 12 members of the jury that you are, in fact, guilty beyond a reasonable doubt. Now, do you understand that you have a right to that trial?

Petitioner:    Yes, sir.

Court:        Do you wish to waive your right to that trial and enter a plea on all of these charges?

Petitioner:   Yes, sir.

Court:        Do you understand that by pleading guilty you give up some very important constitutional rights?

Petitioner:   Yes, Sir.

Court:        You're going, to be giving up your right to confront and cross-examine any of the State's witnesses. You're also going to give up your right to present any and all relevant and competent evidence in establishing any kind of defense which you or your lawyer may feel appropriate and you're going to give up your right to remain silent. Do you understand all of those rights?

Petitioner:   Yes, sir.

Court:        And do you wish to give up all of those rights and to plead guilty to all of these charges?

Petitioner:   Yes, sir.

Court:        Are you, in fact, guilty as indicted under indictment 2003-GS-32-848, felony DUI death?

Petitioner:   Yes, sir.

Court:        Are you, in fact, guilty as indicted under indictment 2003-GS-32-1146 of filing a false report of a felony?

Petitioner:  Yes, sir.
Court:       And are you, in fact, guilty as indicted under indictment 2004-GS-32-1940 of
             leaving the scene where death has occurred?
Petitioner:  Yes, sir.
Court:       And are you, in fact, guilty as indicted under indictment 2003-GS-32-850,
             2003-GS-32-851, 2003-GS-32-852 and 2003-GS-32-849 of felony DUI with
             great bodily injury?
Petitioner:  Yes, sir.
Court:       Have you been able to hear all of my questions today?
Petitioner:  Yes, sir.
Court:       Have all of your responses been truthful and honest?
Petitioner:  Yes, sir.

[*Id.* at 11–24].

There is no basis in this record to overturn the findings of the state court. Viewing the record in its entirety, the record supports the state court's conclusion that Petitioner was aware of the constitutional rights that she was waiving and that she freely and voluntarily entered her guilty plea. *Sargent,* 71 F.3d at 160 (holding that historical facts underlying guilty pleas are entitled to deference).

While Petitioner now alleges her plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective

27

assistance of counsel. *Via v. Superintendent, Powhatan Correctional Center,* 643 F.2d

167, 171 (4th Cir. 1981). The undersigned can find no basis for a reversal of the state

court's finding that Petitioner's guilty plea was knowing and voluntary. *Sargent,* 71 F.3d

at 160.

      D.     Ground Four

     In Ground Four, Petitioner argues that plea counsel failed to provide her effective

assistance of counsel by failing to adequately prepare and present mitigating evidence in

her original plea proceeding or the hearing on her motion to reconsider sentencing.

Petitioner testified that she did not see plea counsel prepare for the hearing, but for

meeting with her prior to the hearing and writing down four sentences that he read to the

court. [ECF No. 19-1 at 105]. To the extent Petitioner is alleging that plea counsel did not

present sufficient mitigating evidence during her plea hearing, it appears she is relying on

her PCR testimony related to her mental health, as she did not testify as to what

mitigation evidence she believes should have been offered.

     A review of the transcript of the plea hearing, reveals that plea counsel presented a

mitigation defense. Plea counsel explained to the court that on the date in question

Petitioner was not drinking alcohol or taking illegal narcotics, but only prescription

medication. *Id*. at 25. Counsel explained Petitioner had been suffering from depression

because of the death of her sister. *Id*. He noted that on the day of the incident, Petitioner

had been to an appointment with Dr. Venable, who prescribed her hydrocodone for her

cough. *Id.* Counsel explained that the medications Petitioner was prescribed caused her

intoxication, and also memory loss, which he said explained why she did not appreciate the seriousness of the accident and left the scene. *Id*. at 25–26. Plea counsel stated that it was under the influence of the prescription drugs when she filed the false police report against the highway patrolman, but shortly afterward admitted she had lied and apologized to the officer involved. *Id*. at 27. Plea counsel explained to the court that Petitioner's prior record was not based on automobile accidents, but on administrative matters that caused her to be driving under suspension. [*Id*. at 27].

Plea counsel informed the court that Petitioner had no additional criminal record. *Id*. He stated that she was married and had four children, ages 19, 17, 14, 13. *Id.* Counsel also informed the court Petitioner was a grandmother, who had lost a grandchild to death, and had a grandchild on the way. *Id.* Plea counsel stated that Petitioner and her husband were members of a Baptist church, where petitioner had taught Sunday school. *Id*. at 28.

Counsel explained that Petitioner's sister was killed in an automobile accident a few months before the collision. *Id.* As a result, Petitioner was having problems sleeping, with her nerves, and with depression, and she sought the assistance of Dr. Venable, who prescribed Ativan and Prozac for her. *Id.* Counsel informed the court that Petitioner's husband believed these drugs caused memory lapses to Petitioner, but Dr. Venable had not changed the medication after the family had complained about these problems. *Id.* Plea counsel informed the court that Dr. Venable then prescribed hydrocodone for a respiratory problem Petitioner was having, and the interaction of these drugs on the day of the accident caused Petitioner's intoxication. *Id*. at 28–29.

Plea counsel called several individuals who pled in mitigation on Petitioner's behalf, including her mother, who described the death of Petitioner's sister shortly before the accident and how Petitioner was trying to finish college. *Id*. at 30. Counsel called an aunt, who testified to Petitioner's character and kindness, and a cousin, who testified similarly. *Id*. at 29. Petitioner also made a plea for mercy on her own behalf. *Id*. at 31.

The PCR court noted that the transcript of the plea hearing reflected that plea counsel made a lengthy mitigation statement at the plea hearing, in addition to presenting several witnesses to speak on Petitioner's behalf. *Id*. at 159. Petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding that Petitioner had not met her burden under *Strickland* to show that plea counsel was ineffective in preparing and representing her at the plea hearing. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination of this issue given the evidence and record before it. *See supra*, *Evans v. Smith*; *Williams v. Taylor*; *Bell v. Jarvis*; 28 U.S.C. § 2254(e)(1). Petitioner did not testify at her PCR hearing about any evidence she believed should have been offered in mitigation. To the extent she believes the mental health records she submitted at the hearing should have been used, she has failed to show how such records would have been beneficial to her. The undersigned's independent review of the mental health records after Petitioner's arrest reveals that such records would have been harmful to Petitioner, as they indicate a history of illegal drug abuse [ECF No. 19-2 at 51, 54] as well as involvement in her husband's prostitution business, *id*. at 59. Therefore, Petitioner

30

has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue. As a result, Petitioner has failed to show that her counsel was ineffective pursuant to *Strickland*.

The undersigned has considered Petitioner's contention that plea counsel was ineffective by failing to adequately prepare for her hearing on reconsideration of her sentence. Petitioner testified before the PCR court that her attorney filed a motion for reconsideration after her guilty plea was entered, but that there was a two-year delay before the hearing on the motion took place, for which her attorney provided no explanation. [ECF No. 19-1 at 106]. She further testified that counsel met with her a few days before the hearing and that she felt he did not adequately prepare for it. *Id.* Petitioner's daughter testified that although she went to the courthouse for the hearing, she was not allowed in the courtroom because she had a child with her. *Id.* at 116. Petitioner's daughter testified at the PCR hearing that her mother was "kind of incoherent" on the day of the accident. *Id.* at 115.

Counsel testified that he filed a motion for reconsideration to keep jurisdiction in the circuit court so the judge could possibly modify the sentence. *Id.* at 136.  He further testified that he allowed for the delay between the plea hearing and the motion for reconsideration hearing to allow time for people to "cool off," so the solicitor and family might be more lenient. *Id.* at 136–37.  Counsel also testified he explained his reasoning for the delay to Petitioner. *Id.*  Counsel stated that some of the delay in the hearing was

due to the fact the plea/sentencing judge was out of the jurisdiction, which was completely beyond his control. *Id.*

The transcript of the reconsideration hearing reveals that counsel was prepared for the reconsideration hearing and presented additional mitigation on Petitioner's behalf. Counsel presented pleas in mitigation from Petitioner's husband, Petitioner's great-aunt, her pastor, and from Petitioner. *Id*. at 45–49. Petitioner's husband explained to the court that he made three phone calls to Petitioner's doctor before the accident complaining about Petitioner's medication. *Id*. at 45. Petitioner's husband also explained to the court around the day of the accident, the doctor prescribed Petitioner another medication. *Id.* He informed the court his wife was not using illegal drugs on the date of the accident or alcohol, was not a violent person, and was needed by her family. *Id.* He also informed the court he had considered having her involuntarily committed due to her prescription drug use shortly before the accident and should have done so. *Id.* Petitioner's great-aunt testified about Petitioner's good behavior in prison. *Id*. at 48.

Counsel also made the court aware Petitioner had been a model prisoner, had not received any disciplinary violations in the Department of Corrections, and regularly attended religious services. *Id*. at 47. Petitioner made a plea in mitigation apologizing to the victim's family, expressing her remorse, and asking for their forgiveness one day. *Id*. at 49–50. Petitioner also provided the court with a letter she had written. *Id*.

With respect to this allegation, the PCR Court reasonably and correctly found that Petitioner had failed to meet her burden of proof. The PCR court found plea counsel's

stated strategy with respect to the reconsideration hearing to be reasonable, and further found that Petitioner had presented no evidence showing what further preparation might have yielded. *Id*. at 158. Petitioner's daughter's testimony was not helpful to Petitioner, because her testimony further proved Petitioner was under the influence when she got behind the wheel of her car. *Id*. at 115. Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue. Having failed to meet her burden under *Strickland*, Petitioner's claim of ineffective assistance of counsel in Ground Four should be dismissed.

IV.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

January 29, 2015                                   Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).