

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| GENA BEATTY, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 1:13-3045-MGL-SVH |
| § | |
| WARDEN ANGELIA RAWSKI § | |
| Respondent. § | |

**ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE**

**I.    INTRODUCTION**

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is represented by excellent counsel. The matter is before this Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 29, 2015, and Petitioner filed her objections on March 16, 2015.

## II.     PETITIONER'S GROUNDS FOR RELIEF

Petitioner raises four grounds for relief in her § 2254 petition:

> **Ground One:** Plea counsel failed to provide the Petitioner effective assistance of counsel prior to and during her guilty pleas, in violation of her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, in that he failed to prepare and investigate her case and specifically neglected to review the discovery material in Petitioner's case with her and failed to discuss possible uses of some of the information contained therein to formulate potential defenses to her charges.
>
> *****
>
> **Ground Two:** Plea counsel failed to provide the Petitioner effective assistance of counsel prior to and during her guilty pleas, in violation of her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, in that he failed to address and/or properly investigate the Petitioner's medical and mental health history. Counsel's failure to adequately investigate the Petitioner's medical history resulted in pleas which were not knowingly and voluntarily entered in that she pleaded guilty in reliance upon plea counsel to be prepared to effectively represent her in presenting evidence in mitigation of the sentences to be imposed.
>
> *****
>
> **Ground Three:** Plea counsel failed to provide the Petitioner effective assistance of counsel prior to and during her guilty pleas, in violation of her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, in that he misinformed the Petitioner regarding the plea negotiations in her case and the potential sentences she could expect to receive as a consequence of her pleas and thereby made it impossible for her to make a voluntary and intelligent decision to enter pleas of guilty on her charges.
>
> *****

> **Ground Four:** Plea counsel failed to provide the Petitioner effective assistance of counsel prior to and during her guilty pleas, in violation of her rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, in that he failed to adequately prepare for either the Petitioner's original plea proceeding or her subsequent hearing on a post-plea Motion to Reconsider Sentencing specifically failing to present readily available evidence in mitigation which would have potentially have been of significant benefit to the Petitioner on the issue of sentencing. Her pleas of guilty were not knowingly and voluntarily entered in that they were the product of ineffective assistance of counsel.

Petition Attachment One 6.

### III.     DISCUSSION

#### A.     Statute of Limitations

First, the Magistrate Judge asserts that Petitioner failed to file her habeas petitioner before the expiration of the statute of limitations had run under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which states, in relevant part:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the Magistrate Judge's Report, she sets out in detail both (1) her view of the law as it pertains to when Petitioner's statute of limitations was tolled as it relates to AEDPA and (2) the procedural history of the case. This Court sees no reason to repeat that material here.

Petitioner does not object to the Magistrate Judge's recitation of the procedural history. And, the only portion of the Magistrate Judge's legal analysis that Petitioner disagrees with are the Magistrate Judge's statements that "[t]he statute of limitations remained tolled until the Court of Appeals denied [Petitioner's] petition for rehearing and rehearing en banc on September 21, 2012. The statute of limitations resumed on September 22, 2012, and expired (the first business day) 365 days later, on September 22, 2013." Report 11. Thus, according to the Magistrate Judge, because Petitioner failed to file her habeas petition until November 7, 2013, forty-six days after the statute of limitations had run, "Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)." *Id*.

According to Petitioner, however, the statute of limitations was tolled until November 8, 2012, the date that the South Carolina Court of Appeals issued the remittitur in the case. So, this disagreement is of grave importance. If the Magistrate Judge is correct, then Petitioner's habeas petition is barred by AEDPA's one-year statute of limitations. But, if the Petitioner is correct, then it is not.

Subsection 2244(d)(1)(A) encompasses review of a State conviction by the Supreme Court and § 2244(d)(2) is exclusively concerned with "State post-conviction or other [State] collateral review." *Lawrence v. Florida*, 549 US. 327, 333 (2007) ("Indeed, we [have] noted that the Courts

4

of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court.  By contrast, § 2244(d)(2) refers exclusively to State post-conviction or other state collateral review,  language not easily interpreted to include participation by a federal court.") (internal citation omitted) (internal quotation marks omitted) (internal alteration omitted).  It is for that reason that the Court is unpersuaded by any argument that *Gonzalez v. Thaler*, 132   S. Ct. 641 (2012), essentially overruled the Florida mandate requirement discussed in *Lawrence. Gonzalez* is concerned with when a State conviction becomes final under § 2244(d)(1)(A).  *Id*. at 646.  But *Lawrence* is concerned with when a State post-conviction habeas petition is final under § 2244(d)(2).  *See Gonzalez*, 132 at 654 n. 10 ("[The petitioner] also argues that *Lawrence* . . . supports his focus on the state court's issuance of the mandate because it referred to a mandate in determining when state postconviction proceedings were no longer pending. *Lawrence*, however, is inapposite.  The case involved a different provision, 28 U.S.C. § 2244(d)(2), which by its terms refers to 'State' procedures.");  *Gonzalez v. Thaler*, 623 F.3d 222, 225 (5th Cir. 2010) ("Although the Court references the State court's mandate in  *Lawrence*, the references were to the State court's mandate denying the prisoner's state post-conviction habeas petition, not the mandate affirming his original conviction.  It is unlikely that the Court intended to implicitly hold that a state conviction is final under § 2244(d)(1) when the mandate issues while discussing the finality of a state habeas claim in the context of a different statutory component of the AEDPA.") (citation omitted) (internal quotation marks omitted) (alteration omitted).

 Both the Magistrate Judge and Petitioner agree that the outcome of this case is controlled by 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other [State] collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection."). The Fourth Circuit has "construed a state post-conviction proceeding to include all state-court proceedings 'from initial filing [in the trial court] to final disposition by the highest state court.'" *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) (quoting *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999)). "Upon final disposition of the state post-conviction proceeding, the running of the § 2244(d) one-year period resumes." *Id*. Therefore, the only question before this Court to decide is when the final disposition of an appeal in South Carolina occurs.

As the Supreme Court noted in *Gonzalez*, the answer to that question varies from state to state: "*Compare, e.g.*, *PSL Realty Co. v. Granite Inv. Co*., 86 Ill.2d 291, 304, 56 Ill. Dec. 368, 427 N.E.2d 563, 569 (1981) (judgment is final 'when entered'); *Gillis v. F & A Enterprises*, 934 P.2d 1253, 1256 (Wyo.1997) (judgment is final when 'opinion is filed with the clerk'), *with Ex parte Johnson*, 12 S.W.3d 472, 473 (Texas CCA 2000) (per curiam) (judgment is final at 'issuance of the mandate')." *Gonzalez*, 132 S. Ct. at 655 n.11. *See also Lawrence*, 549 U.S. at 331 (implicitly finding that the final disposition of a Florida appeal occurs when the mandate issues, based on the Court's statement that "the parties agree that AEDPA's limitations period was tolled from the filing of [the petitioner's] petition for state postconviction relief until the Florida Supreme Court issued its mandate affirming the denial of that petition."); *Harris*, 209 F.3d at 328 (stating that a State post-conviction action was no longer pending in a Maryland case as it relates to § 2244(d)(2) once "the Maryland Court of Appeals denied [the petitioner's] application for leave to appeal the denial of his petition.")*; Gray v. Waters*, 26 F. Supp. 2d 771, 772 (D. Md. 1998) ("[F]inal disposition of [the petitioner's] state [habeas] petition . . . occurred . . . when the Court of Special Appeals of Maryland denied his application for leave to appeal.") (citing Md. Cts. & Jud. Proc. Code Ann., Section

12–202)); *Meierer v. Meierer*, 876 S.W.2d 36, 37 (Mo. Ct. App.1994);   ("[T]he issuance of the . . . order by the appellate court did not complete the appeal" but rather "a decision of the appellate court is considered final at the time the mandate is issued."); Rule 26(a) of the West Virginia Revised Rules of Appellate Procedure ("Unless otherwise provided, an opinion of the Court or memorandum decision of the Court considering the merits of a case is not final until the mandate has been issued.").

But again, what this Court must decide today is when South Carolina law says that the final disposition of a case on appeal takes place. According to Rule 221(b), SCAR, "The remittitur shall contain a copy of the judgment of the appellate court, shall be sealed with the seal and signed by the clerk of the court, and unless otherwise ordered by the court shall not be sent to the lower court or administrative tribunal until fifteen (15) days have elapsed (the day of filing being excluded) since the filing of the opinion, order, judgment, or decree of the court finally disposing of the appeal." From this Court's careful reading of this rule, it appears that, according to the rule, the final disposition of an appeal in South Carolina occurs with "the filing of the opinion, order, judgment, or decree of the court finally disposing of the appeal." *Id*. But, South Carolina highest courts have uniformly rejected that view. *See, e.g.*, *Harleysville Mut. Ins. Co. v. State*, 736 S.E. 2d 651, 655 n.2 (S.C. 2012) ("An opinion of an appellate court is not final until the remittitur is filed in the lower court"); *Brackenbrook v. North Charleston, LP v. Cnty. of Charleston*, 623 S.E. 2d 91, 93 (S.C. 2005) ("Where there has been an appeal, 'final disposition of the case' occurs when the remittitur is filed in the circuit court.") (quoting *McDowell v. S.C. Dep't of Soc. Serv*., 386 S.E.2d 280 (S.C. Ct. App. 1989)); *Christy v. Christy*, 452 S.E. 2d 1 (S.C. Ct. App. 1994) ("The final disposition of

7

a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court. Until that time, the case is pending on appeal.") (citation omitted).

Consequently, in that there can be no question that South Carolina law states that the final disposition of an appeal does not occur until after the remittitur is filed in the circuit court, what is this Court to do with the holding in *Taylor*, 186 F.3d at 561, in which the Fourth Circuit held "that under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled"? *Taylor* cites with approval *Gaskins v. Duval*, 183 F.3d 8 (1st Cir.1999) ("Applying the tolling provision encourages respect for the principle of comity and compliance with the requirement that, ordinarily, a state prisoner must first exhaust his state court remedies before seeking federal habeas relief.").

As one can see, there is no mention in *Taylor* that a remittitur counts as the final disposition of an appeal for tolling purposes. But, although *Taylor* fails to use the word "remittitur" in the parenthetical of what the "final disposition by the highest state court" includes, this Court thinks that to be of no import. First, the Court is of the opinion that the parenthetical after the term "final disposition by the highest state court" was not meant to be all inclusive, but merely descriptive. Second, even if the parenthetical was meant to be all inclusive, then *Lawrence* overruled that portion of *Taylor* in that *Taylor* fails to include the issuance of a mandate as a proper way that one can determine whether the "final disposition of the highest state court" has occurred either. But, *Lawrence* clearly allowed it. Third, inasmuch as the words "mandate" and "remittitur" are practically synonymous, this Court is of the opinion that, in light of *Lawrence, Taylor* does not forbid South Carolina's remittitur rule as being the "final disposition of the highest state court." And fourth and finally, if the list in *Taylor* is still somehow interpreted to be all inclusive, even in light of binding authority from *Lawrence* to the contrary, and/or

8

if the words "mandate" and "remittitur" are not synonymous, then the term "final disposition by the highest state court" in regards to § 2244(d)(2) has no effect here in South Carolina. And, of course, that can not be.

One other question: what does this Court do with the Supreme Court's holding in *Lawrence* that "[a]fter the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open"? *Lawrence*, 549 U.S. at 332. First, this Court concludes that the term "direct review" is the Supreme Court's acknowledgment that in some states, a state post-conviction proceeding is still pending until the state's highest court has denied review. But, as in *Taylor,* this Court does not think that "[a]fter the State's highest court has issued its mandate or denied review," *id*., is an all inclusive list. The Court acknowledged as much when it stated, "[r]ead naturally, [§ 2244(d)(2)'s] text means that the statute of limitations is tolled only while state courts review the application. A state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence*, 549 U.S. at 332 (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2001). As the reader is aware, "final resolution through the State's postconviction procedures[,]" *id,* varies from state to state.

Second, inasmuch as the Court allowed Florida's issuance of the mandate to mark the time when the petitioner's "application has achieved final resolution through the State's postconviction procedures," *id.,* and the words "mandate" and "remittitur" are essentially synonymous, the Court is of the opinion that *Lawrence* allows South Carolina's remittitur rule to determine when the petitioner's "application has achieved final resolution through the State's postconviction procedures," *id*, as well.

And third, even if "mandate" and "remittitur" are not synonymous, this Court can fathom of no reason why the Court would allow "final resolution through the State's postconviction procedures," *id.*, to include "[a]fter the State's highest court has issued its mandate or denied review," *Lawrence*, 549 U.S.

9

at 332, but not include "when the remittitur is filed in the circuit court." *Brackenbrook* , 623 S.E. 2d at 93.  After all, "final resolution through the State's postconviction procedures," *Lawrence*, 549 U.S. at 332,  does not occur in South Carolina until "the remittitur is filed in the circuit court." *Brackenbrook,*  623 S.E. 2d at 93.

From the record before it, the Court is unable to determine when the remittitur was filed in the circuit court. But, for purposes of this case, that missing information is of no moment. What the Court does know is that the remittitur was certainly not filed in the circuit court until on or after November 8, 2012, the date the remittitur was issued. Consequently, inasmuch as the remittitur was filed with the circuit court sometime on or after November 8, 2012, South Carolina law instructs us that Petitioner's "properly filed application for State post-conviction or other [State] collateral review with respect to the pertinent judgment or claim," § 2244(d) (2), was still pending on November 8, 2012.  Consequently, inasmuch as Petitioner filed her § 2254 action on November 7, 2013, her habeas petition was not time barred by the AEDPA one-year statute of limitations.

### B.    Equitable Tolling

Second, the Magistrate Judge opines that Petitioner is unable to demonstrate that she is entitled to equitable tolling.  In light of the Court's decision above, this issue is moot.  And, had it not been moot, because Petitioner neglected to address the issue in her objections, the argument would have been waived.

### C.    Merits

Third, the Magistrate Judge states that, even if Petitioner's petition is not time-barred, Petitioner still loses on the merits.

All four of Petitioner's Grounds for relief are based on the alleged ineffective assistance of Petitioner's plea counsel. To demonstrate ineffective assistance of counsel, Petitioner is required to establish (1) that her counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The United States Supreme Court has cautioned that "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

This Court "may only grant [Petitioner] relief if the state court's adjudication of his claims (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' 28 U.S.C. § 2254(d)(2)." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009).

In regards to the filing of objections to the Report, the Magistrate Judge instructed Petitioner as follows:

> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

\*\*\*\*\*

> **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Report 34. Nevertheless, instead of lodging any specific objections to the Report in the merits section of her brief, Petitioner does nothing more than make arguments that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's cogent analysis, it need not spill any more ink discussing the issues a second time here. Simply put, although Petitioner's habeas petition was timely, she is unable to demonstrate that she is entitled to habeas relief.

## IV.    CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** without an evidentiary hearing.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record

and the applicable case law and concludes that Petitioner has failed to make the requisite showing.

Therefore, Petitioner motion for a certificate of appealability from this Court is **DENIED**.

    **IT IS SO ORDERED**.

    Signed this 31st day of March, 2015, in Columbia, South Carolina.

                                    s/ Mary G. Lewis
                                    MARY G. LEWIS
                                    UNITED STATES DISTRICT JUDGE