

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| GENA BEATTY, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:13-3045-MGL-SVH |
| | § | |
| WARDEN ANGELIA RAWSKI, | § | |
| Respondent. | § | |

## ORDER DENYING RESPONDENT'S RULE 59(E) MOTION

## I.    INTRODUCTION

Petitioner filed this case as a 28 U.S.C. § 2254 action.  Pending before the Court is Respondent's Motion to Alter or Amend the Court's March 31, 2015, Order under Fed. R Civ. P. 59(e), which held that Petitioner's petition was timely filed, but that her ineffective assistance of plea counsel claims had no merit.  Respondent moves the Court to alter or amend the portion of the Order holding that Petitioner's petition was timely filed.  Having carefully considered Respondent's motion, Petitioner's response, the record, and the applicable law, it is the judgment of this Court that Respondent's motion will be denied.

## II.    PROCEDURAL HISTORY

As is relevant for the disposition of this motion, Petitioner filed her petition for post-conviction relief (PCR) on August 19, 2005.  On September 14, 2009, the PCR court filed its Order of Dismissal.  Petitioner filed a motion under Rule 59(e) of the South Carolina Rules of Civil Procedure to alter or amend the PCR Court's Order on September 25, 2009, which the PCR court denied on October 26, 2009.

Petitioner appealed the PCR court's order. On July 20, 2012, the South Carolina Court of Appeals denied Petitioner's petition, and then on September 21, 2012, it denied her petition for rehearing and rehearing en banc. The remittitur was issued on November 8, 2012.

On November 7, 2013, Petitioner filed her § 2254 petition with this Court, in which she raised four grounds of relief for alleged ineffective assistance of her plea counsel. Respondent filed his motion for summary judgment on April 4, 2014, arguing, among other things, that Petitioner had filed her petition after the statute of limitations had expired. Petitioner filed her response to the motion on July 21, 2014.

On January 29, 2015, the Magistrate Judge filed her Report and Recommendation (Report) agreeing with Respondent that Petitioner's petition was untimely; but, even if the petition was timely, it was without merit. Petitioner filed her objections to the Report on March 16, 2015.

On March 31, 2015, this Court issued an Order holding that Petitioner filed her petition within the applicable statute of limitations, but that her ineffectiveness of assistance of plea counsel claims were without merit. Respondent filed his Rule 59(e) motion on April 15, 2015, and Petitioner filed her response on May 4, 2015. Respondent's motion is now ripe for review.

## III.    STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure "provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp, LLC*, 599 F.3d 403, 407 (4th Cir. 2010). The Fourth Circuit "reviews the denial of a Rule 59(e) motion under the deferential abuse of discretion standard." *Id*.

2

## IV.    CONTENTIONS OF THE PARTIES

In his Rule 59(e) motion Respondent argues that, in light of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) one year statute of limitations and the Supreme Court's holding in *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012), the Court erred in holding that Petitioner's § 2254 petition was timely. Respondent's Motion 1. He also states that "[t]he District Court concluded that the statute of limitations under 28 U.S.C. Section 2244(d) was tolled until the South Carolina Court of Appeals issued its remittitur on November 7, 2015.[2] However, the decision of the Court of Appeals was final when the Court of Appeals denied the Petition for Rehearing o[n] September 21, 2015."[3] *Id.* Stated differently, according to Respondent, "the District Court erred in rejecting the Magistrate Judge's recommendation that the date of the denial of the petition for rehearing rather than the remittitur letter date was the operative date for the running of the statute of limitations." *Id.* at 2.

In response, Petitioner avows that the Court's interpretation of *Gonzalez* is correct. Petitioner's Petitioner's Response 1. But, in case the Court should decide that it erred in its initial decision, Petitioner avers that the doctrine of equitable tolling should apply. *Id* at 2-4. Further, if the Court is inclined to adopt Respondent's interpretation of *Gonzalez* and reject Petitioner's request for equitable tolling, then Petitioner asks that the Court to grant to Petitioner a Certificate of Appealability so that her timeliness argument can be considered further by the Fourth Circuit. *Id.* at 4.

---

[2]According to the record in this case, the remittitur was issued on November 8, 2012, not November 7, 2015.

[3]The South Carolina Court of Appeals denied Petitioner's petition for rehearing and rehearing en banc on September 21, 2012, not September 21, 2015.

## V.    DISCUSSION

The law in regards to the whether Petitioner timely filed her § 2254 petition is governed by

AEDPA, which states, in relevant part:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

There is no dispute that the answer to whether Petitioner's petition was timely filed is

controlled by § 2244(d)(2), which "refers exclusively to State post-conviction or other state

collateral review," *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) ("Indeed, we [have] noted that

the Courts of Appeals have uniformly interpreted direct review in § 2244(d)(1)(A) to encompass

review of a state conviction by this Court.  By contrast, § 2244(d)(2) refers exclusively to State

post-conviction or other state collateral review,  language not easily interpreted to include

participation by a federal court.") (internal citation omitted) (internal quotation marks omitted)

(internal alteration omitted).

Respondent maintains that the Court has misread *Gonzalez*. The Court is unpersuaded.

First, in the second paragraph of *Gonzalez*, the Supreme Court opines that § 2244(d)(1)(A) "establishes a 1–year limitations period for state prisoners to file federal habeas petitions, running from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez*, 132 S. Ct. at 646 (quoting § 2244(d)(1)(A)). The careful reader will note that this passage is concerned with when the judgment in a direct appeal becomes final, not when the judgment in a post conviction action becomes final. There is no mention whatsoever of the tolling provision applicable when a prisoner seeks "State post-conviction or other collateral review[,]" as provided by § 2244(d)(2).

Second, the Supreme Court states in *Gonzalez* that "[t]his case concerns . . . 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' § 2244(d)(1)(A). The question before us is when the judgment becomes 'final' if a petitioner does not appeal to a State's highest court." *Id*. at 652-533. Again, there is no mention of collateral review, only direct review.

And third, in the only direct reference that *Gonzalez* makes to § 2244(d)(2), it states that "Gonzalez also argues that *Lawrence* . . . supports his focus on the state court's issuance of the mandate because it referred to a mandate in determining when state postconviction proceedings were no longer pending. *Lawrence*, however, is inapposite. The case involved a different provision, 28 U.S.C. § 2244(d)(2), which by its terms refers to 'State' procedures." *Gonzalez*, 132 S. Ct. at 654 n.10. Once again, the *Gonzalez* Court emphasizes that its opinion concerns direct review (§ 2244(d)(1)(A), and not collateral review (§ 2244(d)(2)).

Thus, for these reasons, the Court rejects Respondent's argument that *Gonzalez* has any bearing on the outcome of this case.

Respondent also inexplicably asserts that the Court erred in holding that the statute of limitations was tolled under § 2244(d)(2) until the South Carolina Court of Appeals issued its remittitur. Motion 1. The Court held no such thing. Respondent has somehow misapprehended the Court's decision.

As noted above, § 2244(d)(2) states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. "The Fourth Circuit has construed a state post-conviction proceeding to include all state-court proceedings from initial filing in the trial court to final disposition by the highest state court." *Beatty v. Rawski*, Civil Action No. 1:13–3045–MGL–SVH, 2015 WL 1518083 at *3 (D.S.C. March 31, 2015) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000)) (citations omitted) (internal quotation marks omitted) (alteration omitted).

In South Carolina, " the final disposition of an appeal does not occur until after the remittitur is filed in the circuit court[.]" *Id*. at *4 *See Harleysville Mut. Ins. Co. v. State*, 401 S.C. 15, 23 n.2, 736 S.E.2d 651, 655 n. 2 (2012) ("An opinion of an appellate court is not final until the remittitur is filed in the lower court"); *Brackenbrook North Charleston, LP v. Cnty. of Charleston*, 366 S.C. 503, 508, 623 S.E.2d 91, 93 (2005) ("Where there has been an appeal, 'final disposition of the case' occurs when the remittitur is filed in the circuit court.") (quoting *McDowell v. S.C. Dep't of Soc. Serv.*, 300 S.C. 24, 26, 386 S.E.2d 280, 282 (1989)); *Christy v. Christy*, 317 S.C. 145, 151, 452 S.E.2d 1, 4 (1994) ("The final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court. Until that time, the case is pending on appeal.") (citation omitted)).

Hence, the final disposition of Petitioner's PCR did not occur until the remittitur was filed in the state circuit court. "Until that time, the case [was still] pending on appeal." *Id*. Here, the

remittitur was not filed until on or after November 8, 2012, the date that the remittitur was issued. It follows then that Petitioner's "properly filed application for State post-conviction or other [State] collateral review with respect to the pertinent judgment or claim," § 2244(d) (2), was still pending on or after November 8, 2012, when the remittitur was filed in the state circuit court. Inasmuch as Petitioner filed her § 2254 action on November 7, 2013, her habeas petition was not time barred by the AEDPA one-year statute of limitation.

In light of the foregoing discussion, the Court need not address Petitioner's arguments.

Although neither argued in Respondent's Rule 59(e) motion nor discussed in the Report, to the extent that Respondent wishes to rely on the language in *Crawley v. Catoe*, 257 F.3d 395 (4th Cir. 2001) for the proposition that a petition is no longer pending after "the South Carolina Supreme Court denie[s] [a petitioner's] request for rehearing[,]" *id.* at 398, such reliance is misplaced.

*Crawley* indeed states that "[the petitioner's] application for state post-conviction relief was continuously pending before the South Carolina courts from before the April 24, 1996, effective date of the AEDPA until January 8, 1998, when the South Carolina Supreme Court denied [the petitioner's] request for rehearing. The parties are in agreement that the one-year limitations period was tolled during this time period."[4] *Id.*

---

[4]In the Court's March 31, 2015, Opinion, it stated that the *Lawrence* Court "implicitly [found] that the final disposition of a Florida appeal occurs when the mandate issues, based on the Court's statement that 'the parties agree that AEDPA's limitations period was tolled from the filing of [the petitioner's] petition for state postconviction relief until the Florida Supreme Court issued its mandate affirming the denial of that petition.'" *Beatty*, 2015 1518083 at *3 (quoting *Lawrence*, 549 U.S. at 331). Later in the *Lawrence* opinion, however, it becomes clear that the *Lawrence* Court explicitly agreed that the issuance of the mandate signaled the final disposition of collateral review in Florida. *See Lawrence*, 549 U.S. at 332 ("After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists.").

Further, the *Gonzalez* Court interpreted the *Lawrence* opinion as holding that the issuance of a mandate marks the final disposition of a post conviction proceeding. *See Gonzalez*, 132 S. Ct. at 654 n.10. ("Gonzalez also argues that *Lawrence* . . . supports his focus on the state court's issuance of the mandate because it referred to a mandate in determining when state

Yet, the issue in *Crawley* was not the same as the one before this Court. In *Crawley*, the question before the Court was whether the statute limitations was tolled under § 2244(d)(2) "for the period during which her petition was pending in the United States Supreme Court for writ of certiorari to review the South Carolina Supreme Court's denial of her state habeas corpus application." *Id*. at 396. The Fourth Circuit held that it was not. *Id*. The question here, however, is when a state habeas petition is no longer pending in state court. Those are two distinctly different issues.

"[N]ot every aspect of each opinion has precedential force." *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 113 (2d Cir. 1988). As the Supreme Court held in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), "since we have never squarely addressed the issue, and have at most assumed the applicability of [it] on habeas, we are free to address the issue on the merits." *Id*. at 631. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall,* 266 U.S. 507, 511 (1925). And, that is exactly the situation that the Court is faced with here.

The question as to when a habeas petition was no longer pending in state court was not at issue in *Crawley*. As already noted, the parties had no disagreement on the matter. Instead, the Fourth Circuit accepted the parties agreement that "[the petitioner's] application for state post-conviction relief was continuously pending before the South Carolina courts from before the April 24, 1996, effective date of the AEDPA until January 8, 1998, when the South Carolina Supreme Court denied [the petitioner's] request for rehearing[,]" *Crawley*, 257 F.3d at 398, without any analysis whatsoever. Stated differently, the Fourth Circuit "never squarely addressed the issue,"

---

postconviction proceedings were no longer pending. *Lawrence*, however, is inapposite. The case involved a different provision, 28 U.S.C. § 2244(d)(2), which by its terms refers to 'State' procedures.").

*Brecht*, 507 U.S. at 631.  The issue that the Court is confronted with here was "neither brought to the attention of the [Fourth Circuit] nor ruled upon[.]"  *Webster*, 266 U.S. at 511.

The Court notes that, according to Westlaw, *Crawley* has been cited just twice in other opinions since it was published in 2001: *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (holding, contrary to *Crawley,* that "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.") (overruled by *Lawrence,* 549 U.S. at 334); *Bell v. True*, 356 F. Supp 2d 613, 615 (W.D. Va. 2005)  ("[W]hen the AEDPA limitations statute is unclear, it should be construed consistent with the statutory purpose of curbing the abuse of the statutory writ of habeas corpus.") (quoting *Crawley*, 257 at 400) (citation omitted) (internal quotation marks omitted).  Because neither of those cases are from South Carolina nor did either of them address the question as to when a South Carolina PCR action is no longer pending in the State's highest court, it appears that no South Carolina magistrate judge or district court judge has thought that *Crawley* answers the question as to when the final disposition of a collateral proceeding is no longer pending under § 2244(d)(2) either.

Consequently, for all of these reasons, the Court is of the opinion that *Crawley* is of no precedential value as to the question of when a state habeas petition in South Carolina is no longer pending in the state's highest court.

Finally, though not altogether clear, it appears that Respondent suggests that the Court may have erred in entering its March 31, 2015, Order before allowing Respondent to file his reply to Petitioner's objections.  *See* Respondent's Motion 4, n.1.  But, Respondent fails to give any hint as to what arguments he would have made in a reply to Petitioner's objections or to assert that he was prejudiced in any way.  And besides, how could he?  The Court has fully addressed each of

Respondent's arguments in detail in this Order.  Therefore, to the extent that Respondent contends that the Court erred in filing its March 31, 2015, Order before Respondent was given the opportunity to file a reply to Petitioner's objections, the Court holds that any such alleged error was harmless.


**VI.    CONCLUSION**

For the foregoing reasons, Respondents Rule 59(e) motion is **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of July, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE